UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRINIDAD CHAVEZ FLOREZ,

                Petitioner,

        v.                                     9:00-CV-1576
                                                              (FJS/GHL)

HANS WALKER,

                Respondent.
_____

**APPEARANCES**                                                **OF COUNSEL**

**TRINIDAD CHAVEZ FLOREZ**
**95-B-0934**
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13024-9000
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                     **MARIA MORAN, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455
Attorneys for Respondent

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On April 13, 1995, Petitioner Trinidad Chavez Florez was sentenced to and is currently serving an indeterminate term of twenty-five years to life imprisonment after a jury found him guilty of second degree murder. On March 31, 1999, the Appellate Division affirmed his conviction, and on November 18, 1999, the New York Court of Appeals denied his application

for leave to appeal.

On October 16, 2000, Petitioner filed his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on the grounds that (1) the trial court erred in not suppressing the imprint that the police took of his foot, as well as the transparency that they created from that imprint; (2) the prosecutor engaged in numerous acts of misconduct during the course of the trial; (3) the prosecution improperly withheld *Brady* material from the defense; (4) errors that Judge McCarthy committed during the criminal trial deprived him of his right to a fair trial; (5) the evidence adduced at trial was insufficient to establish his guilt; (6) the verdict was against the weight of the evidence; and (7) he was denied the effective assistance of counsel.

Currently before the Court are Magistrate Judge Lowe's March 14, 2005 Report-Recommendation in which he recommends that this Court deny Petitioner's petition on all grounds and Petitioner's objections thereto.[1]

## II. DISCUSSION

A.     **Petitioner's request for appointment of bilingual counsel**

Petitioner does not specifically object to any of Magistrate Judge Lowe's recommendations. Rather, with respect to the Report-Recommendation in its entirety, Petitioner argues that it was improper for Magistrate Judge Lowe to review the merits of his petition without first providing him with a bilingual attorney. *See* Petitioner's Objections, dated April 3,

---

[1] On March 23, 2005, Petitioner requested a sixty-day extension to file his objections, which this Court denied. *See* Dkt. No. 12. However, this Court did grant Petitioner an extension until April 4, 2005, to file his objections. *See id.* Petitioner timely filed his objections in conformance with that Order. *See* Dkt. No. 13.

2005 ("Objections"), at 1.  Petitioner further asserts that, because he does not read, write or understand English, he is unable to file meaningful objections to the Report-Recommendation without such assistance.  *See id.* at 2.[2]  Additionally, Petitioner contends that, although he requested a bilingual attorney when he filed his petition, this Court never addressed that request.[3]  *See id.* at 1.  Accordingly, Petitioner asks this Court to reject the Report-Recommendation, assign him bilingual counsel, and order counsel to submit an amended petition.  *See id.* at 3.

The Sixth Amendment to the United States Constitution does not guarantee representation by counsel in federal habeas corpus proceedings.  *See United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960) (citation omitted).  Appointment of counsel may be advisable, and perhaps necessary, however, in those situations in which the petitioner presents a triable issue of fact, necessitating an evidentiary hearing in which the petitioner must be able to organize factual material and be able to call and question witnesses.  *See id.* (citations omitted).  On the other hand, if the court's review of a habeas corpus petition does not require an evidentiary hearing, but instead only requires a review of the state court

---

[2] Although Magistrate Judge Lowe noted that the police provided Petitioner with an interpreter after his arrest because he did not speak English, *see* Report-Recommendation at 4 n.2, he made no further mention of Petitioner's inability to read, write or understand English in his Report-Recommendation.

[3] Contrary to Petitioner's contention, then-Magistrate Judge Sharpe did address Petitioner's motion for appointment of counsel and denied that request on the ground that there is no constitutional right to representation of counsel in habeas corpus proceedings.  *See* Dkt. No. 4 at 2.  Moreover, then-Magistrate Judge Sharpe recognized that, although this Court has the discretion to appoint counsel in such proceedings, the Court should not do so unless its consideration of the claims requires an evidentiary hearing.  *See id.* at 3.  Finding that Petitioner's claims did not require such a hearing, then-Magistrate Judge Sharpe concluded that appointment of counsel was unnecessary.  *See id.*

records, the question of appointing counsel to represent the petitioner rests within the sound discretion of the district court, which should not grant the request where the petitioner has raised the relevant issues with sufficient detail that the district court can thoroughly consider them. *See United States ex rel. Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir. 1974) (citation omitted).

The claims that Petitioner raises in support of his petition for a writ of habeas corpus do not involve any factual determinations of the state courts. Instead, his claims raise issues concerning procedural determinations and are adequately set forth in the state-court transcripts and other records. Thus, this Court's determination of Petitioner's claims does not require an evidentiary hearing. Accordingly, the Court concludes that Magistrate Judge Lowe was not required to, and correctly did not, appoint bilingual counsel to Petitioner before considering the merits of his petition.[4]

**B.    Standards of review**

Section 636(b)(1)(C) of Title 28 of the United States Code requires that this Court engage in a *de novo* review of any portion of a magistrate judge's report-recommendation to which a petitioner specifically objects and for clear error those portions of the report-recommendation to which a petitioner does not object. *See Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003)

---

[4] This is not to say that an attorney might not have crafted a more effective habeas corpus petition by abandoning the many procedurally-barred claims that Petitioner raises and by focusing this Court's attention on those claims that are subject to its review. However, Petitioner clearly identified the substance of the reviewable claims in his petition; and it is unlikely that counsel could have prepared substantially stronger arguments in support of these claims. Lastly, a thorough review of the state-court record provides the Court with a sufficient basis for its determination of the merits of the petition and the assistance of counsel would add little, if anything, to the Court's ability to analyze these claims.

(citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)) (other citations omitted).

Moreover, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court must give deference to any state-court decision pertaining to a claim which that court adjudicated on its merits and cannot grant habeas corpus relief unless that state-court decision was contrary to, or involved an unreasonable application of, Federal law, as determined by the Supreme Court, that was clearly established at the time that the state court ruled. *See Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003) (citing 28 U.S.C. § 2254(d)). Finally, because this Court must presume that a state court's factual determinations are correct, a petitioner has the burden of rebutting this presumption by clear and convincing evidence. *See Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (citing 28 U.S.C. § 2254(e)(1)).

Since, as noted, Petitioner filed no specific objections to any of Magistrate Judge Lowe's findings or recommendations, the Court will review these findings and recommendations for clear error.

**C.     The applicable law and the record support Magistrate Judge Lowe's recommendation that the Court deny all of the grounds that Petitioner raises in support of his petition for a writ of habeas corpus**

The Court has reviewed Magistrate Judge Lowe's thorough analysis and recommendations with respect to each of the grounds that Petitioner raises to support his petition for a writ of habeas corpus to determine whether they are either clearly erroneous or contrary to law. Finding no error in either his findings or his recommendations, the Court, for the reasons stated in Magistrate Judge Lowe's March 14, 2005 Report-Recommendation, adopts his

recommendations in their entirety, denies each ground for Petitioner's petition, and dismisses the petition in its entirety.

### III. CONCLUSION

After carefully considering Magistrate Judge Lowe's Report-Recommendation filed in this matter, Petitioner's objections, the relevant parts of the record, and the applicable law, and for the reasons stated herein, as well as in that Report-Recommendation, the Court hereby

**ORDERS** that Magistrate Judge Lowe's March 14, 2005 Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED AND DISMISSED IN ALL RESPECTS**; and the Court further

**ORDERS** that the Clerk of the Court close this case.

**IT IS SO ORDERED.**

Dated: July 16, 2005
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Chief United States District Court Judge